UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES BELL,

      Plaintiff,

v.                           Case No. 3:26-cv-639-JEP-PDB

SECRETARY RICKY DIXON,
et al.,

      Defendants.

_____

## <u>ORDER</u>

Plaintiff James Bell, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1) and a Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction with supporting documents ("**Motion**," Doc. 2).

In the Complaint, Plaintiff alleges violations of the First and Eighth Amendments, and the Religious Land Use and Institutionalized Persons Act ("**RLUIPA**"). (*See* Doc. 1 at 3). He names the following individuals as Defendants in their official capacities: (1) Ricky Dixon ("**Dixon**"), Secretary of the Florida Department of Corrections ("**FDOC**"); (2) Warden Polk ("**Polk**"); (3) Senior Chaplain C. Wynn ("**Wynn**"); and (4) Chaplain J. Scott ("**Scott**"). (*Id.* at 2–3). Plaintiff alleges he has been denied the right to freely practice his

religion as a Hebrew Israelite because Defendants have excluded him from participating in the Passover, the Feast of Unleavened Bread, and any other holiday observed in accordance with his religion during his incarceration at Florida State Prison since December 11, 2025. (*See id.* at 4–5). Plaintiff asks the Court for nominal damages, court costs, and injunctive relief enabling him to freely practice his religion. (*Id.* at 5).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v.*

*Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014)[1] (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corrs.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit

---

[1] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Pursuant to the Court's screening obligation, the Complaint will be dismissed without prejudice subject to Plaintiff's right to file an amended complaint.[2] Plaintiff sues Defendants in their official capacities. (Doc. 1 at 2–3). Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, a suit against Defendants in their official capacities is equivalent to suing the FDOC itself. Rather than allow Plaintiff to proceed on what are essentially duplicative official-capacity claims against the four Defendants, the Court will direct Plaintiff to amend his Complaint so that he could identify which Defendant he intends to sue in this action.

---

[2] This Order is not meant to address every deficiency in the Complaint.

The Court makes the following additional observations. When amending the Complaint, Plaintiff should consider that the FDOC is not a "person" within the meaning of § 1983. *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011). Moreover, the FDOC is immune from § 1983 liability for damages. *Zatler*, 802 F.2d at 400. As such, Plaintiff should be mindful that he cannot recover damages from the FDOC. Although injunctive relief may be available against the FDOC, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986), Plaintiff must plausibly allege that any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. *See Graham*, 473 U.S. at 166 (stating that "a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law" (quotation marks and citations omitted)). Plaintiff's Complaint is not a model of clarity. In fact, his Motion and supporting documentation include far more details about the events underlying this action than the Complaint itself. (*Compare* Doc. 2 *with* Doc. 1). Plaintiff is advised that in considering the sufficiency of the pleading, the Court can consider only the allegations in the Complaint and any attachments thereto. Thus, Plaintiff will be given an opportunity to amend his Complaint to bring it into compliance with the PLRA.

Plaintiff is also advised that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained. A defendant, such as a warden, cannot be held liable simply based on his supervisory position. Also, "[s]everal courts have held that a defendant must have personally participated in an RLUIPA violation in order to be subject to suit under the Act and that supervisory or vicarious liability is not available." *Hoke v. Lyle*, No. 6:16-cv-45, 2016 WL 4197590, *5 (S.D. Ga. Aug. 8, 2016)[3] (collecting cases). "Moreover, denial of a grievance alone does not appear sufficient to impose liability under the RLUIPA." *Id.* (citing *Lowery v. Edmondson*, 528 F. App'x 789, 792 (10th Cir. 2013)); *see also Jones v. Eckloff*, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

---

[3] Although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

If, after reviewing this Order, Plaintiff decides to proceed with this case, he must file an amended complaint that complies with the following requirements:

1.  The pleading must be marked, "Amended Complaint."

2.  The pleading must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3.  The pleading must legibly state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4.  The pleading must include current addresses for each defendant.

5.  In section IV, "Statement of Claim," there must be a clear description of how *each* defendant was involved in the alleged violation(s). Plaintiff should concentrate his efforts on factually describing the actions or inactions of the named defendants which resulted in an alleged violation of his federally protected rights. Vague and conclusory statements are insufficient. Additionally, while background information may be helpful, Plaintiff should focus his factual allegations solely on the actions or inactions of the named Defendants. Dairy-like allegations are unhelpful and confuse the issues. The allegations must be stated in numbered paragraphs, each limited to a single set of circumstances.

6.  The claims raised in the amended complaint must be related, meaning the claims must arise from the same basic issue or incident. Plaintiff must choose one or more related claims to raise in the amended complaint; any unrelated claims must be raised in a separate lawsuit.

7.  In section V, "Injuries," there must be a statement concerning how each defendant's action or omission injured Plaintiff.

8.  In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

9.  In section VII, "Exhaustion," Plaintiff must explain the steps he took to exhaust each claim.

10. The amended complaint must be complete, including all related claims Plaintiff wishes to raise, and must not refer back to his original complaint.

Plaintiff is further advised that a district court may dismiss a case when a prisoner misrepresents his litigation history. *See, e.g.*, *Jenkins v. Hutcheson*, 708 F. App'x 647, 648, 649 (11th Cir. 2018) (finding "the district court was entitled to dismiss [a plaintiff's] complaint based on his failure to fully disclose his litigation history," even where the plaintiff's conduct was unintentional). Plaintiff must list every lawsuit he has filed in state or federal court dealing with the same facts involved in this case or otherwise relating to the conditions of his imprisonment. Failure to do so may result in the dismissal of this case for abuse of the judicial process.

Plaintiff must ensure that his handwriting is clear and readable. He must sign and date the amended complaint after the following statement on the form:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that

this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The amended complaint will supersede the initial Complaint and will become the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial Complaint.

Considering that the Court is directing Plaintiff to file an amended complaint, Plaintiff's Motion seeking injunctive relief is insufficient to demonstrate a substantial likelihood of success on the merits. In addition, Plaintiff's Motion does not include a written certification regarding "any efforts

10

made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Moreover, it appears that Plaintiff's Motion simply seeks to obtain the affirmative relief sought in the Complaint on an expedited basis, rather than preserve the status quo. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated."); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1983) (stating that temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint"). "When a preliminary injunction is sought to force another party to act, rather than simply to maintain the status quo, it becomes a 'mandatory or affirmative injunction' and the burden on the moving party increases." *Haddad v. Arnold*, 784 F. Supp. 2d 1248, 1295 (M.D. Fla. 2010) (quoting *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971)[4]). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law

---

[4] All Fifth Circuit decisions entered before October 1, 1981 were adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*clearly favor* the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (emphasis added).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2.      If Plaintiff wants to proceed with this action, he must file an amended complaint that complies with the directives of this Order and all applicable rules and law **within thirty days** of the date of this Order. If Plaintiff does not timely file an amended complaint, this case may be dismissed without further notice.

3.      The Motion (Doc. 2) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of March, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
James Bell, #H32319

12